## W. M. BASS v. STATE.

No. A-7243. Opinion Filed June 5, 1930.
Rehearing Denied June 14, 1930.
(288 Pac. 991.)

Cham Jones and E. L. Dillard, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  The plaintiff in error, hereinafter called defendant, was convicted in the county court of Jefferson county of the crime of pointing a weapon at another, and his punishment fixed at a fine of $50 and confinement in the county jail for a period of 90 days.

The evidence of the state was that Dorance Clifton, Bill Holcomb, and Buck Moore, employees of the Community Natural Gas Company, were driving one of the company cars in the vicinity of Waurika during the noon hour; that the sheriff and the defendant were on their

way to Waurika with a prisoner and observed these parties driving in the car. After the prisoner had been taken to jail the defendant returned following these parties for some distance in the car; that defendant drove his car up beside these parties and ordered them to stop; that after some conversation between them the defendant told them that he wanted to search their car and the parties got out of the car, stood to one side, and told him to search it; that no liquor or any unlawful object was found in the car; that some blueprints lying on the seat in the car were either blown or thrown out by the defendant and fell into the mud; that Clifton ordered the defendant to pick the blueprints up and put them back in the car, and, when defendant failed to do so, stepped up toward the car and defendant for the purpose of picking up and caring for these blueprints; that defendant struck Clifton in the mouth with his fist and jerked his pistol out and pointed it at Clifton and the other two parties and said: "Stay back or I'll beat your G— D— head off."

Defendant defended on the ground that he was suspicious of these parties and was in the legal discharge of his duty in searching the car with their permission, and that at the time he struck Clifton he thought they were about to commit an assault upon him; that he did not point his gun at Clifton or either of the other parties but only pointed his finger for the purpose of compelling them to desist from the assault they were about to commit upon him.

Defendant in his brief says:

"Various errors are listed by the assignments of error some of which question the qualification of the court to try this case and the case-made shows the proof of proceedings relative to this phase of the case, but we think that the only assignments of error necessary to urge in

this appeal are numbers 13, 14, and 18, which raise the question of the sufficiency of the evidence."

In the case at bar the defendant makes no claim that a public offense had been committed or attempted in his presence, nor that the parties had committed a felony out of his presence, nor that he had a reasonable cause for believing they had committed it, and does not seek to justify the following of the parties nor the search of the car upon these grounds. The defendant was therefore without any authority to follow after these parties or to search their car merely on suspicion. The mere fact that the parties had, on the officer's demand, consented to a search of the car gave defendant no legal authority to commit an assault upon Clifton nor to draw his pistol and point it at them even under the circumstances as detailed by defendant. While section 1994, C. O. S. 1921, authorizes the carrying of weapons by public officers in the discharge of their duties, it does not authorize the carrying of weapons nor the use of the same under the circumstances revealed by the evidence in this case. Therefore the claim of defendant that he was in the lawful discharge of his duty as an officer must be rejected as without any merit.

The defendant next contends that even if the court should hold that the defendant was not in the discharge of his lawful duties at the time of the commission of the offense, that the evidence on the part of the state was wholly insufficient to establish the offense of pointing a pistol and wholly insufficient to justify a conviction of the offense charged in the information.

Section 1999, C. O. S. 1921, provides:

"It shall be unlawful for any person to point any pistol or any other deadly weapon, whether loaded or not, at any person or persons, either in anger or otherwise."

The defendant, testifying in the case, denied that he drew his pistol or pointed it at Clifton, but testified that he pointed his finger at them to intimidate them. Clifton, Holcomb, and Moore testified positively that the defendant did draw his pistol and did point it not only at Clifton but at all three of them and ordered them to stay back or he would beat their heads off. Each of these witnesses testified that they were unable to tell how long a period of time the pistol was pointed but fixed the time as varying from ten seconds to two or three minutes. Whether defendant pointed the pistol as charged in the information was a question of fact to be determined by the jury from all the evidence in the case. The jury having found the defendant guilty, and there being competent evidence to support the same, this court is bound by such finding.

A public officer in the discharge of his lawful duties is entitled to the protection of the courts and should always receive the same. In the case at bar the officer was proceeding without any legal authority against innocent and inoffensive citizens and committed the offense charged while engaged in such illegal enterprise. Under such circumstances the officer can no more claim protection for his acts than could a private citizen under like circumstances. Officers of the law should themselves respect and obey the law before claiming protection under it.

The defendant has had a fair trial, the jury found him guilty on competent evidence, and substantial justice seems to have been done in the punishment to be administered. For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.